

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00238-CR

## IN RE MICHAEL ANTHONY MOORE

_____

## Original Proceeding

## MEMORANDUM OPINION

Moore was convicted of Burglary of a building in 1988. He did not appeal.

In 2012, he filed an appeal of the trial court's denial of his motion for DNA testing. We affirmed the trial court's order on January 10, 2013. *See Moore v. State*, 10-12-00193-CR, 2013 Tex. App. LEXIS 226 (Tex. App.—Waco Jan. 10, 2013, pet. dism'd).

It appears that later in 2013 Moore filed an 11.07 writ apparently seeking relief because certain biological evidence, according to Moore, had not been obtained or properly tested. His application was disposed of by the Court of Criminal Appeals on June 5, 2013.

Moore has now filed what he has labeled a Petition for Writ of Mandamus. There are a number of procedural problems with the filing but we will use Rule 2 to look beyond the procedural problems so that we may reach a disposition more efficiently and promptly. *See* TEX. R. APP. P. 2; 52.3.

Under most circumstances such as this we would simply summarily deny Moore's petition without any explanation of why he is not entitled to relief. But in this instance, and hopefully to foreclose more of Moore's efforts using inappropriate procedures which waste judicial resources, we will try to explain why he is not entitled to relief on his claims.

Moore's general argument seems to be that he believes he is entitled to relief because, according to him, the State of Texas (including the City of Bryan's police department, the Brazos County District Attorney's Office, and the Department of Public Safety) failed to produce evidence for DNA testing sought under Chapter 64 to be tested after his trial and conviction. He indicates that all the relevant agencies have stated they do not have any biological materials to test. Based on their responses, Moore seeks to use *Arizona v. Youngblood*, regarding the loss or destruction of evidence, as a basis to overturn his conviction. *Arizona v. Youngblood*, 488 U.S. 51, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988).

*Youngblood* and the subsequent cases relying on it apply to evidence that was lost or destroyed prior to trial. Nothing Moore has presented indicates that any evidence

that may have existed and in the State's control was lost or destroyed before trial. He is essentially arguing he is entitled to an acquittal because, over 20 years after his conviction for burglary, there is no evidence to submit to DNA testing.

At the time of Moore's trial, and subsequent thereto, there was no requirement related to the preservation of the evidence he now seeks even if the evidence did exist at that time. *See* Ch. 64, added by Acts 2001, 77th Leg., ch. 2, § 2, eff. April 5, 2001. Further, Moore has not shown that any evidence that could be subjected to DNA testing existed at the time of his trial or prior thereto. Nor has Moore shown that DNA testing of any biological material would have been relevant to his trial, much less that identity was an issue in the commission of the burglary for which he was convicted. Thus he is manifestly not entitled to relief for the State's alleged loss or destruction of biological evidence from 20 years ago, if any.

Moore's DNA claim lacks any legal merit.

Next it appears from the petition that he seeks relief under 11.07 of the Code of Criminal Procedure. We have no jurisdiction to grant any relief under this statute. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05. Further, it appears that Moore has already filed at least 16 previous petitions for a writ of habeas corpus under 11.07, and all have been denied, dismissed, or had no action taken because an "abuse of writ" order has been entered against Moore for making frivolous legal arguments and filing frivolous

proceedings. Yet again, Moore does not appear to have brought himself within the circumstances that would entitle him to file a subsequent writ. *Id.*, sec. 4.

Moore's 11.07 writ claim, as presented, lacks any legal merit.

Next, Moore seeks $80,000 "reimbursement for wrongful incarceration under Tex. Civ. Prac. And Rem. Cod Section 103.001…for every year of wrongful incarceration." Such relief is civil in nature and is not the proper subject for relief by a criminal mandamus proceeding in which Moore is primarily seeking evidence to allegedly show that he is entitled to relief by a subsequent writ of habeas corpus. There is a procedure for a civil recovery for wrongful incarceration that might be available but only if and when Moore has successfully established the wrongfulness of his incarceration. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 103.001 et seq. (West 2011). He has not yet established he was wrongfully incarcerated.

Moore's Chapter 103 civil reimbursement claim lacks any legal merit.

In this proceeding, we have tried to address Moore's arguments to the best that we can understand them as set out in his petition for a writ of mandamus. We have expended more of this Court's time than the merits of his arguments deserve in an effort to curtail future frivolous filings by Moore. We will not be so generous with our time in the future.

Moore's petition for writ of mandamus lacks any legal merit and is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Opinion delivered and filed September 4, 2014
Do not publish
[OT06]

